[Civ. No. 8175.   Third Dist.   Sept. 21, 1953.]

L. J. NISSEN et al., Respondents, v. STOVALL-WILCOX-SON COMPANY (a Corporation), Appellant.

Ralph W. Rutledge for Appellant.

Virgil O'Sullivan for Respondents.

VAN DYKE, P. J.—Defendant and appellant, Stovall-Wilcoxson Company, a corporation, owned real property situated in Improvement District No. 1, which is an improvement district created within the Glenn-Colusa Irrigation District, pursuant to provisions of the Irrigation District Act. The improvement district had planned certain proposed improvements, and, following statutory procedure, had levied an assessment on the lands within its boundaries to pay the cost thereof. It had then issued long-term warrants against the assessment payable in 10 annual installments, which were secured by the assessment which constituted a lien on the land. The improvement district also laid annual charges against the land for maintenance and operation of its works of improvement. On December 8, 1943, plaintiffs and respondents, L. J. and Ralph A. Nissen, negotiated for the purchase of some of appellant's land and the following receipt agreement was mutually executed:

"Williams, California
December 8, 1943

"Received of L. J. & R. A. Nissen, the sum of Five Hundred Dollars (500.00) as a deposit on the purchase price of [description of land], containing in all approximately 330 acres of land.

"Subject of [sic] the following conditions:

"Purchase price of $75.00 per acre, acreage to be determined by actual survey. Cash for the balance of the purchase price on delivery of deed and policy of title insurance showing title to be clear and merchantable, said policies of title insurance and Survey to be paid by the seller.

"Subject to an agreement of the Stovall-Wilcoxson Company to pay all assessments of Improvement District No. 1 until such time as same are legally removed. Said bonded debt of said district being already paid by said company. (E.A.B.)

~~Subject to immediate possession to the buyer.~~ (E.A.B.)

"Taxes and assessments of Glenn-Colusa Irrigation District to be prorated on passing of title.

STOVALL-WILCOXSON COMPANY

By

E. A. Brim        Manager"

In the following January the sale of the lands was completed and title thereto passed to respondents. At the same

time appellant executed and delivered to respondents a written instrument which respondents accepted, recorded and retained. Omitting the introductory paragraph, that instrument contained the following:

"Said lands being included in the bonded indebtedness of the Glenn-Colusa Irrigation District and Improvement District No. 1 of said Irrigation District. It is understood and agreed that the bonded indebtedness of Improvement District No. 1 on said lands has been paid, and that the assessments thereunder will soon be removed, and legal steps are being taken to dislove said District.

"Now, for and in consideration of the purchase price paid for said lands, the party of the first part hereby agree to pay any and all assessments levied under said paid bonded indebtedness of said Improvement District No. 1 as said assessments are levied and payable, until said District is disloved."

It is not disputed that this second instrument was executed responsive to the statement in the receipt agreement that the purchase was "Subject to an agreement of the Stovall-Wilcoxson Company to pay all assessments of Improvement District No. 1 until such time as the same are legally removed"; and although various contentions are advanced concerning this second document as to its binding effect upon the respondents, yet it was clearly intended to be, and must be taken as, binding upon the parties accepting and retaining the same as well as upon the party that executed it. ██ " 'It is a settled rule that the receipt and acceptance by one party of a paper signed by the other only, and purporting to embody all the terms of a contract between the two, binds the acceptor, as well as the signer, to the terms of the paper.' " (*Dallman Supply Co.* v. *Smith-Blair, Inc.*, 103 Cal.App.2d 129 [228 P.2d 886]; *Frankfort etc. Ins. Co.* v. *California etc. Co.*, 28 Cal.App. 74 [151 P. 176].)

For several years, and without claiming it was not bound to do so, the appellant paid the annual charges for maintenance and operation levied by the improvement district. It then ceased to make such payments, and respondents, claiming that it was obligated thereto, brought this action to recover the annual charges not paid and to have the contracts construed by the court and the contractual obligations of appellant thereunder declared. The dispute between the parties centered around the question of what obligations to pay assessments of the improvement district the appellant was subject to. It was contended by the appellant that, if the

documents were properly construed, it was under no obligation to pay maintenance and operation costs of the improvement district and that the language of the agreements referring to assessments referred only to the assessments securing the long-term warrants issued to defray the original cost of the district improvements according to its plan of improvement. These assessments appellant contended, and proved, had all been paid at the time it sold its land to respondents.

The trial court received evidence concerning the circumstances accompanying the execution of the documents in question and of the acts of the parties thereunder before any dispute arose and thereafter declared that by the agreements the appellant had bound itself, without limit as to time, "to pay any and all assessments" of Improvement District No. 1 of whatsoever kind and character until the same are legally removed from the lands. The court gave a money judgment for the maintenance and operation charges which appellant had refused to pay. This appeal is from the whole of the judgment.

We think the construction placed by the trial court upon the written instruments involved cannot be upheld. ▪ It is not often that a promise will be properly interpreted as calling for perpetual performance. (Williston and Thompson on Contracts, § 38.) "A construction conferring a right in perpetuity will be avoided unless compelled by the unequivocal language of the contract." (17 C.J.S. "Contracts" § 398.) "A contract will be construed to impose an obligation in perpetuity only 'when the language of the agreement *compels* that construction.' " (*Massachusetts Bonding & Ins. Co.* v. *Simonds-Shields-Lonsdale G. Co.*, 226 Mo.App. 1071 [49 S.W.2d 645].)

▪ Whatever of doubt there may have been as to the scope of the obligation to pay assessments as stated in the receipt agreement first executed between the parties hereto, the later agreement and the oral testimony as to the status of the district's assessments against which its long-term warrants had been issued. dispel the same. It was without dispute that at the time the sale of the land was being negotiated the long-term warrants issued against the improvement assessment had all been paid. But it does not appear that anything had been done to relieve the land of the apparent lien of the assessments underlying the warrants. There never had been any bonded indebtedness of the improvement district. There had been an improvement and construction assessment for build-

ing the works contemplated by the district's plans and against this the long-term warrants had been issued. In reading the agreements, therefore, it is clear that ''bonded indebtedness'' must be read as referring to the long-term warrants secured by the underlying improvement assessment. The last agreement recited that the lands sold to respondents had been ''included'' in, that is, were burdened by, the bonded indebtedness of the Glenn-Colusa Irrigation District and also by the ''bonded indebtedness'' of the improvement district, but that this indebtedness of the improvement district, that is the long-term warrants, had all been paid and it was contemplated, said the contract, that ''the assessments thereunder'' would soon be removed; and further that legal steps were being taken to dissolve the district. Therefore, the appellant bound itself ''to pay any and all assessments levied under said *paid* bonded indebtedness'' until the district should have been dissolved. Clearly the undertaking was in the nature of a warranty by the appellant that if, notwithstanding its assurance that the warrants had been paid and the assessments underlying them were, therefore, innocuous, yet if it should occur that any demands were made thereunder the appellant would discharge them. Such a construction is, we think, the only one that fits the circumstances and the language of the instruments, and we think the construction adopted by the trial court does violence to the expressed intent of the parties.

The judgment appealed from is reversed.

Peek, J., and Schottky, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied November 19, 1953. Schauer, J., was of the opinion that the petition should be granted.